IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

SHIRLEY RENICE ALVAREZ                                                                              PLAINTIFF

vs.                                         Civil No. 4:08-cv-04030

MICHAEL J. ASTRUE                                                                                   DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

Shirley Renice Alvarez ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Act.[1]

The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. (Doc. No. 4).[2] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background**[3]

On March 19, 2003 (with a protectively filing date of February 11, 2003), Plaintiff filed

---

[1] Plaintiff filed this as a Motion for a "Summary Judgement [sic]." (Doc. No. 1). Based upon a review of this Motion and the supporting documents, this Court finds that it should be, and is, considered a Complaint.

[2] The docket numbers for this case are referenced by the designation "Doc. No." The transcript pages for this case are referenced by the designation "Tr."

[3] The "Background" is taken from the Complaint and supporting documents Plaintiff filed with this Court.

applications for DIB and SSI. These applications were denied initially and upon reconsideration. Plaintiff then filed a request for hearing, and an ALJ held a hearing on Plaintiff's applications. On September 2, 2004, the ALJ entered an unfavorable decision finding Plaintiff was not disabled and not entitled to SSI or DIB. Plaintiff requested Appeals Council Review, and on May 12, 2005, the Appeals Council declined to review Plaintiff's case.

On July 29, 2005, Plaintiff appealed to the United States District Court for the Western District of Arkansas. On September 19, 2006, United States Magistrate Judge Bobby E. Shepherd entered an order reversing and remanding Plaintiff's case to the SSA for further consideration of Plaintiff's case. By Appeals Council order dated October 12, 2006, the case was thereafter remanded to an ALJ for further consideration. The ALJ held a supplemental hearing on June 27, 2007 in Texarkana, Arkansas. Plaintiff was present at this hearing and was represented by counsel. On March 26, 2008, the ALJ entered an unfavorable decision denying Plaintiff's applications. Subsequently, on April 16, 2008, Plaintiff filed the present action seeking review of the ALJ's unfavorable decision.

## 2. Applicable Law

Pursuant to 42 U.S.C. § 405(g) (2006), a social security claimant is permitted to commence a civil action appealing an unfavorable decision of the SSA. The claimant, however, is only permitted to appeal a "*final decision* of the Commissioner of Social Security." *See id.* (emphasis added). Absent a final decision, a claimant cannot appeal to a United States District Court. *See id.; Rowden v. Warden,* 89 F.3d 536, 537 (8th Cir. 1996) (affirming the dismissal of a claimant's case where the claimant failed to exhaust administrative remedies).

The Social Security Regulations ("Regulations") provide the administrative steps that must

be completed in order for there to be a "final decision" from the SSA. *See* 20 C.F.R. § 416.1400(a). According to the Regulations, the following steps must be completed in order for there to be a final decision:

> (1) Initial determination. This is a determination we make about your eligibility or your continuing eligibility for benefits or about any other matter, as discussed in § 416.1402, that gives you a right to further review.
> (2) Reconsideration. If you are dissatisfied with an initial determination, you may ask us to reconsider it.
> (3) Hearing before an administrative law judge. If you are dissatisfied with the reconsideration determination, you may request a hearing before an administrative law judge.
> (4) Appeals Council review. If you are dissatisfied with the decision of the administrative law judge, you may request that the Appeals Council review the decision.
> (5) Federal court review. *When you have completed the steps of the administrative review process listed in paragraphs (a)(1) through (a)(4) of this section, we will have made our final decision. If you are dissatisfied with our final decision, you may request judicial review by filing an action in a Federal district court. . . .*

*Id.* (emphasis added).

For Step Four, a claimant is not required to appeal the ALJ's decision to the Appeals Council. *See* 20 C.F.R. §§ 404.984(d) and 416.1484(d). Instead, the claimant may elect to wait *sixty (60) days* from the date of the ALJ's unfavorable decision before filing his or her appeal with a United States District Court. *See Chamberlain v. Barnhart,* 382 F. Supp. 2d 867, 869 (E.D. Tex. 2005) (holding that "[w]hen-as here-an action has been remanded previously for further consideration, a claimant dissatisfied with the ensuing decision may elect not to file exceptions. If the Appeals Council does not review the case *sua sponte,* the decision becomes the Commissioner's final decision after sixty days. 20 C.F.R. § 404.984(d) (2004).").

**3. Discussion**

In the present action, the ALJ's unfavorable decision was entered March 26, 2008. On April

3

16, 2008, only twenty-one (21) days after that decision, Plaintiff filed the present appeal. The record also indicates that Plaintiff has not sought review with the Appeals Council. Because Plaintiff has not sought review with the Appeals Council, she was required to wait at least sixty (60) days from the date of the ALJ's hearing decision to file the present appeal. Since Plaintiff did not waited the requisite time period, this Court does not have subject matter jurisdiction over Plaintiff's appeal. *See Rowden,* 89 F.3d at 537-38.

### 4. Conclusion:

Based on the foregoing, Plaintiff's Complaint is hereby **DISMISSED**. Furthermore, because of this dismissal, no service is required in the present action.

**ENTERED this 24th day of April, 2008.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE